OPINION
PER CURIAM.
Frederick Mullinix petitions for a writ of mandamus directing the District Court to quash the indictment against him. For *322 the reasons below, we will deny the petition.
On April 17, 2006, Mullinix was convicted of conspiracy to distribute controlled substances, conspiracy to import controlled substances, conspiracy to introduce mis-branded drugs into interstate commerce, and money laundering. He was sentenced to 150 months in prison. Mullinix filed an appeal which is pending before this Court.
In his mandamus petition, Mullinix challenges the authority of the Special Assistant United States Attorney who represented the government in his criminal proceedings. A writ of mandamus should be issued only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir.1985). Determining whether an extraordinary circumstance exists requires a two-part inquiry. First, it must be established that there is no alternative remedy or other adequate means of relief. Second, a petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). A writ is not a substitute for an appeal. In re Kensington Intern. Ltd., 353 F.3d 211, 219 (3d Cir. 2003). Because Mullinix can challenge his criminal judgment on direct appeal, he has other adequate means of relief and is not entitled to a writ of mandamus. Accordingly, we will deny the petition.